**4**
T. Scott Belden, CSB No. 184387
*sbelden@beldenblaine.com*
T. Todd Egland, CSB No. 240911
*tegland@beldenblaine.com*
BELDEN BLAINE RAYTIS, LLP
5100 California Avenue, Suite 101
Bakersfield, California 93309
Telephone: (661) 864-7826
Facsimile: (661) 878-9797

Proposed Attorneys for Debtor-in-Possession
Club One Acquisition Corp.

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re | Case No.: 15-14021-B-7 |
| CLUB ONE ACQUISITION CORP., | Chapter 11 |
| Debtor. | DC No. N/A |
| | **DEBTOR'S CHAPTER 11 STATUS CONFERENCE STATEMENT** |
| | Date: December 2, 2015<br>Time: 2:30 p.m.<br>Judge: Honorable René Lastreto, II<br>Ctrm: U.S. Courthouse<br>Department B, 5th Floor<br>2500 Tulare Street, Courtroom 13<br>Fresno, CA 93721 |

## CHAPTER 11 STATUS CONFERENCE STATEMENT

TO THE HONORABLE RENE LASTRETO, II, UNITED STATES BANKRUPTCY JUDGE:

CLUB ONE ACQUISITION CORP. ("Debtor") provides the following status conference report, and represents as follows:

**A.     Background of Events Leading to Chapter 11:**

1.     Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on October 14, 2015.

2.     The background and history of Debtor and its wholly-owned subsidiary, Club One Casino, Inc. ("COCI") are thoroughly detailed COCI's Chapter 11 Status Report.  There

are many reasons that the Debtor was forced to file a Chapter 11 petition along with COCI, including protracted litigation with former Club One Casino owners George Sarantos and Elaine Long, continued softness in the local economy, changing consumer tastes, certain negative industry developments, and most significantly, the expansion of a competing card room, the 500 Club Casino, by persons related to and affiliated with George Sarantos. The immediate precipitating event was a pending motion to appoint a receiver by Sarantos/Long not only over the assets of Debtor, but over the operations of COCI. This effort, taken without regard to the extensive licensing requirements and practical concerns for COCI's continuous operation and compliance requirements, would have effectively shut down COCI's operations, depriving Debtor of its sole asset. After extensive discussions to reach a settlement with Sarantos and Long failed, the Chapter 11 case was filed to gain the protection of the automatic stay, and resolve the debtor-creditor issues of Debtor and its subsidiary, rather than allow the casino business to be shutdown by the actions of Sarantos and Long.

**B.    Debtor's Intent With Respect to Plan of Reorganization.**

3.    Debtor is currently formulating its Chapter 11 Plan and anticipates that it will be able to file a Plan and Disclosure Statement within the next 60 days. Debtor's Plan will depend to a large extent on the valuation of COCI. If a valuation shows that there is equity in COCI, then COAC will be in a position to capture that equity for the benefit of its creditors. It is Debtor's understanding that COCI is contemplating the preparation of such valuation and will soon engage professionals for that purpose.

**C.    Other Matters Pursuant to Court Order Setting Status Conference:**

4.    **Motions for Relief from Automatic Stay:** No motions for relief from stay have been filed in Debtor's Chapter 11 case, and Debtor does not believe there are grounds for one to be filed.

5.    **Motions under 11 USC Section 365(d)(3) and (4):** No motions under 11 U.S.C. Section 365(d)(3) or (4) have been filed. Debtor does not have any non-residential real property leases that will need to be assumed under the Bankruptcy Code.

6. **Use of Cash Collateral:** Debtor did not file a Motion for Use of Cash Collateral because it does not engage in any business activity that requires use of cash collateral.

7. **Employment of Professionals:** Debtor seeks to employ Belden Blaine Raytis, LLP ("BBR") as attorneys for Debtor. The United States Trustee filed an objection to BBR's employment and the Application and objection have been set for hearing on December 8, 2015, so that the matter may be brought up concurrently with COCI's pending employment applications. Debtor contemplates employing an accountant within the next thirty days and is currently in the process of employing Dowling Aaron to assist in the prosecution of a pending matter against 500 Club Casino and the Milbank firm in connection with an appeal of a decision in matters against Long and Sarantos in New York state court proceedings. Those applications will be filed within the next few weeks.

8. **Motions to Dismiss or Convert:** On November 20 and 21, George Sarantos and Elaine Long have filed Motions for Abstention, Dismissal or Appointment of Chapter 11 Trustee against Debtor and COCI. These motions are set for hearing on December 22, 2015. Sarantos and Long have also filed a Motion for Substantive Consolidation set for the same day. Debtor does not believe that grounds exist for granting any of the requested relief and intends to oppose the motions filed by Long and Sarantos. Because resolution of these motions will require extensive evidence and testimony, Debtor filed an Ex Parte Application to modify the briefing schedule in connection with the motions. To date, the Court has not ruled on the Ex Parte Application.

9. **Administrative Matters:** The Initial Debtor's Interview was held on November 12, 2015 and the Meeting of Creditors was held on November 18, 2015. Debtor has provided the documents requested by the United States Trustee; however, it intends to file an Amendment to its Schedule F and its Statement of Financial Affairs to correct some deficiencies with the documents originally filed by Debtor. Specifically, Debtor intends to amend its Schedule F to decrease the obligation to COCI from about $2.7 million to $565,693.03. The instructions regarding calculation of the initial amount were incorrect, and

upon review, the amount was recalculated and the Schedule F will be amended accordingly. Also, Debtor inadvertently did not reflect that it was a party to the New York state court action and its Statement of Financial Affairs will be amended to include that litigation. These matters and potential amendments were discussed at Debtor's 341 meeting.

10. Debtor has prepared and intends to file its October 2015 monthly operating report on November 25. Debtor has not opened its debtor in possession account as of today but will do so within the next week and will provide signature cards to the United States Trustee.

11. **Other Matters.** None.

Dated: November 25, 2015

BELDEN BLAINE RAYTIS, LLP

By: _____
T. SCOTT BELDEN, Proposed Attorneys
for Club One Acquisition Corp.